UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-43-5F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRIAN AVERY TART, | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* filing titled "MOTION FOR TEMPORARY RESTRAINING ORDER INJUNCTION AND SHOW CAUSE ORDER[.]" Specifically, Defendant requests, "pursuant to Rule 65 (a), Federal Rules of Civil Procedure, for a Temporary Restraining Order and Injunction againt [sic] the Federal Bureau of Prisons to immediately prohibit the unlawful collection of monies/funds/currency by agent at FCI Williams-burg Salters, South Carolina." Defendant requests that the court "issue an Order Re-dacting the Order in Section F of the Judgment and Commitment illegally delegating it's authority for the collection of Restitution and fines and/or Assessments to the Federal Bureau of Prisons and that the Order also read that the Order of Restitution be held in obeyance until Petitioner is released on Supervised Release, and that an Injunction be had prohibit-ing the Federal Bureau of Prisons agents/staff from collecting any more of Petitioner money."

On November 8, 2010, pursuant to a plea agreement, Defendant pleaded guilty to conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine. On

March 24, 2011, Defendant was sentenced to one hundred (100) months imprisonment and was ordered to pay restitution in the amount of three thousand four hundred thirty two dollars and fifty cents ($3,432.50). Defendant was also ordered to pay a special assessment of one hundred dollars ($100.00). Moreover, Defendant's judgment ordered that:

> The special assessment imposed shall be *due in full immediately*. Payment of restitution shall be *due in full immediately*. *However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program.* The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per months to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

[DE-215], p. 6 (emphasis added).

In other words, the judgment imposing the sentence specified that the restitution and special assessment be *due in full immediately*. However, because Defendant was unable to pay the full amount of the restitution and special assessment immediately, the Bureau of Prisons Inmate Financial Responsibility Program[1] ("IFRP") provided a method to enable Defendant to comply with the court's judgment during the period of his incarceration. The Bureau of Prisons calculates the manner in which Defendant may best participate in the Program based on the amount of the criminal monetary penalty and his ability to pay.

To the extent that Defendant is requesting that the court amend the payment amount and

---

[1] Participation in the Bureau of Prisons' IFRP is voluntary. *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010). In fact, an "inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences." *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008). These consequences may include exclusion from the UNICOR prison job training program, furloughs, higher commissary spending limits, access to higher-status housing ,and access to community-based programs. *See* 28 C.F.R. § 545.11(d).

2

schedule as determined by the IFRP, the court lacks the authority to do so. "[T]he amount an inmate must pay under IFRP is a matter entrusted to the Executive Branch, and '[c]ourts are not authorized to override the [BOP's] discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation.' " *United States v. Rush*, No. 10-246(CKK), 2012 WL 1185903, at *3 (D.D.C. Apr. 10, 2012). Accordingly, Defendant's *pro se* request titled "MOTION FOR TEMPORARY RESTRAINING ORDER INJUNCTION AND SHOW CAUSE ORDER" [DE-249] is **DENIED**. [2]

SO ORDERED.

This the 22nd day of June, 2012.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

[2] Defendant may wish to resolve this issue with prison officials or bring as a petition for a writ of habeas corpus in the district in which she is incarcerated pursuant to 28 U.S.C. § 2241. *See United States v. Honesty*, No. 07-155(PLF), 2010 WL 348021, at *2 (D.D.C. Jan. 29, 2010).

3