UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-43-5F

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BRIAN AVERY TART, ) | |
| Defendant. ) | |

This matter is before the court on the *pro se* filings labeled "RE: YOUR OFFER/BILL/PRESENTMENT/ MONETARY BILL dated March, 24th, 2011" [DE-252] and "Re: Acceptance of Value of Court Documents Judgment and Committemt # 7:10-CR-43-5F" [DE-253] filed by Defendant Brian Avery Tart ("Tart"). Specifically, Tart states "Under Regulation Z of the Truth and Lending Act the court had 10 days to accept or reject said document it was not until the experation of the time line that Petitioner was assured that the account had been closed and Zeroed out as requested." Tart further claims that "[b]y keeping said document the Court is now obligated for the payment of charged funds. PLease send confirmation that this account is ZEROED Out." Although the court is not entirely clear on the relief Tart is seeking through the filing of these documents, it appears that he is seeking some form of reprieve from the special assessment and restitution imposed as a result of his federal criminal conviction.

Previously, on June 20, 2012, Tart filed the "MOTION FOR TEMPORARY RESTRAINING ORDER INJUNCTION AND SHOW CAUSE ORDER" requesting that the court "issue an Order Re-dacting the Order in Section F of the Judgment and Commitment illegally delegating it's authority for the collection of Restitution and fines and/or Assessments to the Federal Bureau of

Prisons and that the Order also read that the Order of Restitution be held in obeyance until Petitioner is released on Supervised Release, and that an Injunction be had prohibit-ing the Federal Bureau of Prisons agents/staff from collecting any more of Petitioner money." *See* [DE-249], p. 2. The court denied such request on June 22, 2012.

Here, again, to the extent that Tart is seeking some type of cancellation or modification of the special assessment and restitution imposed as a result of his federal criminal conviction, that request is **DENIED**. Tart is advised to carefully review the June 22, 2012, order [DE-250], which in more than sufficient detail, explains why such relief is not appropriate.

SO ORDERED.

This the 25th day of July, 2012.

JAMES C. FOX
Senior United States District Judge